UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAERSK LINE,

                Plaintiff,

    v.

GOLDEN HARVEST ALASKA
SEAFOOD LLC,

                Defendant.

Case No. C20-1140-JLR-MLP

REPORT AND RECOMMENDATION

## I.  INTRODUCTION

Before the Court is Plaintiff Maersk Line's ("Plaintiff") motion for default judgment against Defendant Golden Harvest Alaska Seafood, LLC ("Defendant") pursuant to Federal Rules of Civil Procedure 55(b)(2). (Dkt. # 11.) Plaintiff previously filed a motion for an order of default on August 24, 2020. (Dkt. # 9.) Defendant did not enter an appearance in this matter or respond to Plaintiff's complaint or motion for default. Upon Plaintiff's motion, the Clerk of the Court entered an order of default against Defendant on August 31, 2020. (Dkt. # 10.) On September 11, 2020, Plaintiff filed the instant motion for default judgment. (Dkt. # 11.) The Court, having reviewed Plaintiff's motion, supporting documents, and the governing law,

REPORT AND RECOMMENDATION - 1

1 | recommends granting Plaintiff's motion and entering a default judgment against Defendant in the
2 | amount of $739,428.18.

## II.  BACKGROUND

On July 24, 2020, Plaintiff filed a complaint against Defendant claiming damages under ocean bills of lading and related invoices. (Dkt. # 1.) Plaintiff's first claim is an admiralty and maritime claim for money due under tariff and service contracts. (*Id.* at ¶¶ 1-9.) According to the complaint, Plaintiff, a common carrier by water in the interstate and foreign commerce of the United States, has filed a schedule of its rates, charges, and service contracts for the carriage of cargo, ocean freight, wharfage and dockage detention and demurrage with the Federal Maritime Commissioner, or otherwise maintained these rates, charges, tariffs, or service contracts pursuant to The Shipping Act of 1984 (as amended) 46 U.S.C. §§ 40101, *et seq.* ("The Act"). (*Id.* at ¶ 5.) The Act prohibits Plaintiff from transporting cargo for a lesser rate than specified in its tariffs or service contracts and similarly prohibits Defendants from obtaining transportation of cargo at lesser rates. (*Id.*)

In 2019, Plaintiff transported cargo for the benefit of Defendant. (*Id.* at ¶¶ 2, 6.) Despite Plaintiff's full performance of its tariff and contractual obligations, and its demands for payment, Defendant has refused to pay the amount due. (*Id.* at ¶¶ 6- 8, 12.) Plaintiff's services are evidenced by bills of lading, freight invoices, and statements regarding the balanced owed. (*Id.* at ¶ 21.)

Plaintiff also claims breach contract because the services performed for Defendant were pursuant to a written contract(s) of carriage and/or service contracts between the parties. (*Id.* at ¶ 11.) Plaintiff performed all its obligations under the contracts except those, if any, that it was excused from performing and Defendant refuses to pay the balance due. (*Id.* at ¶ 13.)

1    Plaintiff further asserts claims of unjust enrichment based on Defendant's receipt of
2    services without providing compensation, and account stated based on Defendant's failure to
3    object within a reasonable time to Plaintiff's series of writings evidencing the balance due. (*Id.* at
4    ¶¶ 15-19, 21-22.)
5    Plaintiff's filed their proof of service that the summons and complaint were served on
6    Defendant on July 29, 2020. (Dkt. # 7.) Defendant has filed no response and has not otherwise
7    appeared in this action. In its present motion for default judgment, Plaintiff seeks (1) judgment
8    against Defendant in the principal amount of $642,395.00; (2) prejudgment interest through
9    September 10, 2020 in the amount of $92,2611.68; (3) costs in the amount of $484.00; and (4)
10   attorney's fees in the amount of $3,937.50. (Dkt. # 11 at 2.)

### III.   DISCUSSION

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987)*; see also Fair House. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). Where those facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B).

In exercising its discretion, the court considers the following seven factors (the "*Eitel* factors"): (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of the plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake in relationship to the defendant's behavior; (5) the possibility of a dispute

concerning material facts; (6) whether default was due to excusable neglect; and (7) the preference for decisions on the merits when reasonably possible. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### A. The Possibility of Prejudice to the Plaintiff

"[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and internal quotation marks omitted); *see also Microsoft Corp. v. Lopez,* No. C08–1743-JCC, 2009 WL 959219, at *2 (W.D.Wash. 2009). Here, Plaintiff will be prejudiced without resolution of this matter. Defendant has failed to enter an appearance or respond in any way to the action, leaving Plaintiff with no other way to resolve its claim other than a default judgment. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If [the p]laintiffs' motion for default judgment is not granted, [the p]laintiffs will likely be without other recourse for recovery."). Accordingly, the factor weighs in favor of default judgment.

### B. The Substantive Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors—the substantive merits of the plaintiff's claim and the sufficiency of the plaintiff's complaint—are frequently analyzed together. *Curtis v. Illumination Arts, Inc.,* 33 F. Supp. 3d 1200, 1210-11 (W.D. Wash. 2014). For these two factors to weigh in favor of default judgment, a plaintiff must state a claim on which it may recover, which often requires establishing a prima facie case. *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir. 1978). The factors weigh in favor of default judgment where the complaint sufficiently states a claim for relief under the "liberal pleading standards embodied in [Federal] Rule [ of Civil Procedure] 8." *Id.* at 1389. In contrast, pleadings that do not contain "necessary facts" and claims that are

not "legally insufficient" do not support default judgment. *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiff's complaint asserts it transported cargo for Defendant pursuant to written contracts of carriage and/or service contracts between the parties, and that Plaintiff fully performed its tariff and contractual agreements. Plaintiff claims that despite demand for payment, including unopposed writings evidencing the balance due, Defendant has refused to pay Plaintiff for its services. As a result, Plaintiff remains uncompensated and has incurred costs in bringing this action against Defendant. Taking Plaintiff's allegations as true, Plaintiff's claims have merit. These factors weigh in favor default judgment.

### C. The Sum of Money at Stake in the Case

The fourth *Eitel* factor is the sum of money at stake in a case. In weighing this factor, courts take into account the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether "the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enter., Inc.,* 725 F.Supp.2d 916, 921 (N.D. Cal. 2010); *see also Eitel,* 782 F.2d at 1472. If the amount of money is large or disproportionate, this factor weighs against default judgment.

Plaintiff seeks principal in the amount of $642, 395.00, prejudgment interest through September 10, 2020 in the amount of $92,611.68, costs in the amount of $484.00, and attorney's fees in the amount of $3,937.50, for a total of $739,428.18. This amount reflects the balance owed by Defendant for services already provided as well as costs incurred in seeking default judgment. While, this is certainly a large sum of money, the Court finds that the amount is proportional to the damages Plaintiff has incurred as a result of Defendant's conduct.

#### D.     Possibility of a Dispute Concerning Material Facts

The fifth factor is the possibility of a dispute concerning material facts. When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true. *See, e.g.*, *Microsoft*, 2009 WL 959219, at *3. Where a plaintiff "has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Landstar,* 725 F.Supp.2d at 922; *accord Kloepping v. Fireman's Fund,* No. C 94–2684 TEH, 1996 WL 75314, at *3 (N.D.Cal. Feb. 13, 1996) (a "plaintiff's presumptively accurate factual allegations leave little room for dispute," especially where the "defendant had the opportunity to dispute the facts alleged, but has avoided and utterly failed to respond to plaintiff's allegations"). Thus, where a plaintiff has made allegations supported by evidence and the defendant has not challenged those allegations, this factor weighs in favor of default judgment.

Here, Plaintiff submitted several declarations in support of its claims, including (1) a summary of account ("SOA") for Defendant, (2) copies of the front pages of electronically stored bills of lading that contain a balance due as referenced in the SOA; (3) copies of the terms and conditions found on the reverse of each bill of lading; and (4) copies of all associated open invoices. (Palazzo Decl. (Dkt. # 11), Exs. A-D.) Defendant has made no attempt to answer or respond to Plaintiff's complaint, or this evidence, and therefore has not disputed any facts concerning Plaintiff's claims. Accordingly, this factor weighs in favor of default judgment.

#### E.     Whether the Entry of Default is Due to Excusable Neglect

The sixth factor addresses whether the entry of default is due to excusable neglect. In other contexts, "excusable neglect" has been defined by its constituent parts. *See Briones v.*

*Riviera Hotel & Casino,* 116 F.3d 379, 381 (1997). "Neglect" has its "normal, expected meaning, *i.e.*, negligence, carelessness, inadvertent mistake." *Id.* Courts determine whether neglect is "excusable" using four factors based on equitable principles: "(1) the danger of prejudice …, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).

Plaintiff has demonstrated proper service on Defendant, and there is no evidence that Defendant's failure to respond to the complaint is the result of excusable neglect. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action). Thus, the sixth *Eitel* factor weighs in favor of default judgment.

### F. Whether Default Judgment is Appropriate in Light of the Policy Favoring Decisions on the Merits

The seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The *Eitel* factor always weighs against an entry of default judgment, however, it does not preclude the Court from entering a default judgment. Defendant's failure to take part in this action makes it "it impractical, if not impossible to reach a decision on the merits." *Standard Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154, 1157 (W.D. Wash. 2014). While a decision on the merits is desirable, Defendant's failure to file a responsive pleading, appear, or otherwise answer the complaint means there would be nothing left to litigate if the default has been entered, but no default judgment in favor of Plaintiff was entered. Thus, although this factor weighs against default judgment, it does not preclude it.

REPORT AND RECOMMENDATION - 7

### G.  The Eitel factors support default judgment

The *Eitel* factors support default judgment. Plaintiff has no other recourse, its claims have merit, the sum of money is proportional to the damages Plaintiff has incurred as a result of Defendant's conduct, and its complaint is sufficient. Further, there is no possibility of a dispute about material facts, and there is no indication that Defendant's failure to participate is due to excusable neglect. These factors outweigh the policy favoring decisions on the merits. The court accordingly recommends Plaintiff's motion for default judgment be GRANTED.

### H.  Damages and Fees

When granting default judgment, the court must ensure that the amount of damages claimed is reasonable and supported by the evidence. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also* Fed. R. Civ. P. 55(b)(2).

As discussed above, Plaintiff provided ample evidence, including bills of lading and invoices documenting the amount Defendant owes for services rendered that support Plaintiff's request for the principal of $642,395.00. The Court finds this request is reasonable.

The Court also finds Plaintiff's request for attorney's fees in the amount of $3,937.50 and costs in the amount of $484.00 reasonable. In support of its request, Plaintiff provided the declaration of William Devoe that details the attorney's fees rendered in bringing this action (dkt. # 11-7), and the costs requested reflect those incurred for the filing fee and for service of the summons and complaint (Palazzo Decl. at ¶ 7). The Court finds the requested amount is reasonable and supported by the evidence.

Plaintiff further requests prejudgment interest in the amount of $92,611.68. Plaintiff asserts it is entitled to prejudgment interest under the Bill of Lading Terms for Carriage under Section 16.6 of the bill of ladings at issue in this matter. (Palazzo Decl. at ¶ 6.) Plaintiff asserts

its standard terms and conditions require interest on unpaid invoices at the rate of 12% per annum from the due date on each unpaid invoice. (*Id.*) In calculating prejudgment interest, Plaintiff provided a waiver of the standard 12% interest rate to Defendant through May 14, 2019 and applied all credits to the oldest invoice. (*Id.*) Plaintiff calculated interest from the due date of each invoice (adjusted as necessary) until September 10, 2020 at the rate of 12% per annum on a 365-day year. (*Id.*; Palazzo Decl., Ex. E.)

Plaintiff also asserts it is entitled to 12% prejudgment interest under Washington law because it brought alternative state law claims. *Id.* Plaintiff cites to RCW 19.52.010 that provides "(1) Except as provided in subsection (2) of this section, every loan or forbearance of money, goods, or thing in action shall bear interest at the rate of twelve percent per annum where no different rate is agreed to in writing between the parties …."

Here, the Court finds Plaintiff's request for prejudgment interest is reasonable and supported by evidence. In asking for damages, Plaintiff provided the rate used as well as the specific method used to calculate the requested amount. Plaintiff further waived the standard interest rate through May 14, 2019 and applied credit to the oldest invoices, which limited the amount of prejudgment interest Plaintiff could have requested. Accordingly, the Court recommends entering a default judgment against Defendant in the amount of $739,428.18.

## IV.   CONCLUSION

Based on the foregoing reasons, the Court recommends Plaintiff's motion for default judgment against Defendant be GRANTED and a default judgment be entered against Defendant in the amount of $739,428.18.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and

Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on October 15, 2020.

The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 30th day of September, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge